# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KYLE GREGORY LUNN, a minor, by and through his Next Friend, SHEILA R. LUNN, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 05-CV-0969-W-FJG<br>) |
| UNION PACIFIC RAILROAD, et al., | )<br>) |
| Defendants. | ) |

## ORDER

### I. BACKGROUND

Currently pending before the court is defendant James Myers and Danny Thomas' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 6) and plaintiff's Motion to Remand (Doc. # 10).

Plaintiffs Kyle Gregory Lunn and Erica Nicole Lunn are the children of Kyle A. Lunn, deceased. Plaintiff Kimberly Boynton is Kyle Lunn's sister and the personal representative of his estate. Plaintiff Liberty Hardwoods, Inc. was Kyle Lunn's employer and owned the tractor-trailer rig which was involved in the accident. On February 14, 2004, a Union Pacific freight train hit a semi tractor-trailer that Kyle Lunn was driving. The collision occurred at a rural railroad grade crossing in Labette County, Kansas. The impact of the crash caused one or more of the fuel tanks on the tractor-trailer to explode. Kyle Lunn was severely burned and injured and died from his injuries on March 25, 2005. Plaintiffs allege that the accident was caused by the unsafe and ultra-hazardous nature of the railroad crossing. Plaintiffs allege that Union Pacific owned the

crossing and had a duty to maintain, inspect and repair the Crossing and to make it safe.  Plaintiffs allege that Union Pacific and the Union Pacific employees who were responsible for the crossing breached the duty of care they owned to Mr. Lunn as a member of the traveling public.  In addition to Union Pacific, plaintiffs sued Michael Benjamin, John Simpson and S.E. Mutz.  Plaintiffs allege that Benjamin, Simpson and Mutz were all employee-managers of Union Pacific who were personally responsible for the crossing and for allowing the crossing to fall into a dangerous condition.  Plaintiffs also sued DeAngelo Brothers, Inc., a Union Pacific contractor responsible for vegetation control.  Plaintiffs also sued James Myers and Danny Thomas, the engineer and the conductor of the Union Pacific train.  Plaintiffs allege that Myers and Thomas negligently operated the train and also breached their duty to report and warn of the dangerous crossing.

Plaintiffs initially filed their petition in state court on August 25, 2005.  On October 14, 2005, defendants removed the case to this Court.  Plaintiffs filed a Motion to Remand on October 27, 2005.  Plaintiffs argue that this case should be remanded because complete diversity of citizenship is lacking.  Plaintiffs state that they and defendants DeAngelo Brothers and Michael Benjamin and John Simpson are all Missouri residents.  Defendants argue in opposition that DeAngelo Brothers is a Pennsylvania corporation, with its principal place of business in Pennsylvania.  Additionally, defendants argue that the citizenship of both Benjamin and Simpson should be ignored, as they were fraudulently joined.

2

Case 4:05-cv-00969-FJG   Document 35   Filed 03/01/06   Page 2 of 9

## II. STANDARD

When analyzing a Motion to Remand, based on fraudulent joinder, the Court must first determine the citizenship and residency of the parties. In Filla v. Norfolk Sothern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations omitted).

## III. DISCUSSION

**A. DeAngelo Brothers**

Plaintiffs initially argued that removal was improper because one of the defendants, DeAngelo Brothers, Inc. was a Missouri corporation. Plaintiffs based their assertion on a 2004 Annual Registration Report which DeAngelo Brothers filed with the Missouri Secretary of State. However, DeAngelo Brothers in their Suggestions in Opposition state that its 2004 Annual Registration Report contained an error and its principal place of business is in fact located in Hazelton, Pennsylvania. On November 4, 2005, DeAngelo Brothers filed a Statement of Correction with the Missouri Secretary

3

of State, listing its principal place of business as Pennsylvania. DeAngelo states that this was an inadvertent error and was not an attempt to avoid its legal obligations. DeAngelo also attached an Affidavit of Neal DeAngelo, the Secretary-Treasurer attesting to these facts. As such, the Court finds that DeAngelo Brothers is a Pennsylvania corporation. Thus, the citizenship of this defendant does not defeat jurisdiction.

### B. Defendants Benjamin and Simpson

Plaintiffs state that defendants Benjamin and Simpson are managers and employees of Union Pacific and were responsible for public safety and the physical condition of the crossing. Plaintiffs state that Benjamin and Simpson negligently and/or recklessly: a) failed to properly inspect and/or observe the crossing; b) to supervise those who worked on and/or inspected the crossing; c) to report the unsafe condition of the crossing and d) to maintain the crossing and make it reasonably safe on or before the accident occurred. Plaintiffs argue that under either Kansas or Missouri law, employee-managers like Benjamin and Simpson can be held liable under the applicable state law to third parties like Kyle Lunn and the plaintiffs.

Defendant Union Pacific first argues that plaintiffs' petition fails to allege sufficient facts to impose liability against either Benjamin or Simpson. Union Pacific states that plaintiff's petition does not include any act or omission which is specific to either Benjamin or Simpson. Secondly, Union Pacific argues that Kansas law governs the issues of liability and that under Kansas law, plaintiffs cannot state a claim against either Benjamin and Simpson. Finally, Union Pacific argues that if the Court were to find that plaintiffs' petition states a claim against Benjamin and Simpson, the Court could

4

nevertheless preserve its subject matter jurisdiction by dismissing Benjamin and Simpson as parties.

Plaintiffs respond that Missouri law applies to this dispute, but that the choice of law question is immaterial because plaintiffs have a valid cause of action against Benjamin and Simpson under either state's law. Additionally, plaintiffs state that the Court should not dismiss Benjamin and Simpson to "create" diversity. Rather, plaintiffs state that the legal principles on which Union Pacific relies are not applicable to cases removed to federal court after a defendant known by the parties to be non-diverse is already named in the case.

In order to determine whether plaintiffs have fraudulently joined Benjamin and Simpson, the Court must first determine which state's law applies and whether plaintiffs could assert a cause of action against the defendants under that state's law.

> A district court sitting in diversity applies the choice of law rules prevailing in the state in which it sits. . . . For tort claims, Missouri applies the most significant relationship test as defined in the Restatement (Second) of Conflict of Laws. . . . Under this test, the law of the state with the most significant relationship to the cause of action governs. . . . In determining which state possesses the most significant relationship to the parties and occurrence, the Court examines the following contacts:
> (a) the place where the injury occurred;
> (b) the place where the conduct causing the injury occurred;
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties and
> (d) the place where the relationship, if any, between the parties is centered.
> Restatement (Second) of Conflict of Laws § 145.

Thi v. Schneider National Carriers, Inc., No. 03-1065-CV-W-DW, 2005 WL 1703116 (W.D.Mo. July 18, 2005)(internal citations omitted). In Thi, an accident occurred in Kansas. Plaintiff's son, was injured when he was struck by a passing tractor-trailer. In examining the above referenced factors, the Court found that Kansas law applied

5

because the injury occurred in Kansas, the conduct allegedly causing the injury occurred in Kansas, and the relationship between the parties, if any, was based in Kansas. The Court found that the defendant was a Nevada corporation with its principal place of business in Wisconsin, who operated trucks in Missouri and Kansas as well as other states. The only connection with Missouri was the plaintiff's residence. The Court stated that "[t]he state where the injury occurred is presumed to be the state with the most significant relationship to the cause of action, absent an overriding interest of another state." Id. at *2. Additionally, the Court noted that the Eighth Circuit in a case with similar facts recently ruled that Kansas law applied. Alumbaugh v. Union Pacific Railroad Co., 322 F.3d 520, 523-24 (8th Cir. 2003)(Kansas law applied where railroad accident occurred in Kansas, plaintiff was a Missouri resident and corporate defendants were not incorporated or located in either Kansas or Missouri, but did business in both states). In the instant case, similar to the cases mentioned above, the place where the injury occurred was in Kansas, the place where the conduct causing the injury occurred is also in Kansas, the plaintiffs are all Missouri residents and defendants are residents of various states other than Kansas. Union Pacific is a Delaware corporation with its principal place of business in Nebraska, DeAngelo Brothers, is a Pennsylvania corporation with its principal place of business in Pennsylvania. James Myers is a resident of Arkansas. Danny Thomas is a resident of Oklahoma. S.E. Mutz is a resident of Kansas and John Simpson and Michael Benjamin are residents of Missouri. The Court also finds that place where the relationship, if any, was centered, was Kansas. Thus, the Court finds that Kansas law applies.

Union Pacific argues that Kansas law makes clear that an employee's liability to

6

third persons requires proof that the employee breached a duty owed to that person. Union Pacific argues that plaintiffs' petition does not support the conclusion that either Benjamin or Simpson, as individuals, owed a duty to Kyle Lunn.  Union Pacific argues that while Kansas law recognizes the principle of respondeat superior, which holds a principal liable for the torts committed by its agents within the scope of their employment, it does not recognize the inverse of this principle, that individual employees owe members of the public the same duties as their employer.

In response, plaintiffs argue that Benjamin and Simpson were required to fulfill the duties that Union Pacific owed to Kyle Lunn and the traveling public with regard to the crossing.  Plaintiff allege three distinct duties which Benjamin and Simpson owed to Lunn: 1) the duty to observe, report and make the crossing safe; 2) the duty to hire, train, instruct and supervise others and 3) the duty to work with local authorities. Plaintiffs state that Kansas has adopted the Restatement (Second) Torts § 324A (1965) which provides that with respect to his work, an employee owes a duty to those to whom his employer owes a duty.  The section states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable case to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement of the Law (Second) Torts §324A, p. 142.  The Kansas Supreme Court adopted this theory of liability in Schmeck v. City of Shawnee, 232 Kan. 11, 26, 651 P.2d 585 (Kan. 1982).  Additionally, in Russell v. American Rock Crusher Co., 181 Kan.

7

891, 317 P.2d 847 (Kan. 1957), the Court stated:

> Likewise, the general rule is that such officers and agents who violate a duty owed to third persons are liable to such persons for their torts.
> 'The officer or agent committing the assault or trespass is of course himself personally liable, as well as the corporation, and according to the prevailing view the corporation and the officer or agent may be sued jointly for the trespass.' (13 Am.Jur., Corporations, § 1122 at page 1049) . . .
> 'If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort.' (13 Am.Jur., Corporations, §1086 at page 1018).

Id. at 849-50.

Thus, the Court finds that plaintiffs have a colorable claim against defendants Benjamin and Simpson. Although there were no cases located which were directly on point involving the same type of allegations made in this case, the Court finds after reviewing the applicable Kansas authorities that it is possible that Kansas law might impose liability on the resident defendants. Therefore, the Court finds that the joinder of defendants Benjamin and Simpson is not fraudulent. As the Court has determined that these Missouri defendants were properly joined in this case, the Court hereby **GRANTS** plaintiff's Motion to Remand this action to state court (Doc. # 10).

## IV. CONCLUSION

As the Court has determined that Kansas law might impose liability upon defendants Benjamin and Simpson, the Court finds that the joinder of these defendants was not fraudulent. Accordingly, as there is no diversity of citizenship, the Court has no jurisdiction over this action and must therefore remand this action to state court. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Jackson County,

Missouri at Independence. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Independence as required by 28 U.S.C. § 1447(c). As the Court has determined that does not have jurisdiction over this action, it will not address the Motion to Dismiss filed by defendants Myers and Thomas.

Date: March 1, 2006             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                           United States District Judge